IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROBERT W. CURRY,** | 6:14-cv-00881-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN,**<br>Commissioner, Social Security<br>Administration, | |
| Defendant. | |

**DREW L. JOHNSON**
**SHERWOOD J. REESE**
1700 Valley River Drive
Eugene, OR 97405
(541) 434-6466

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, WA 98104
(206) 615-3703

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Robert W. Curry seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Act and Supplemental Security Income (SSI) under Title XVI of the Act.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

    Plaintiff filed his application for DIB on January 21, 2010,

2 - OPINION AND ORDER

and his application for SSI on April 26, 2010. Tr. 13.[1] His applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 12, 2012. Tr. 28. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 28.

The ALJ issued a decision on October 10, 2012, in which he found Plaintiff is not entitled to benefits. Tr. 13-22. That decision became the final decision of the Commissioner on April 1, 2014, when the Appeals Council denied Plaintiff's request for review. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on August 5, 1967; was 45 years old on the date of the hearing; and has a high-school diploma with one year of college. Tr. 166, 191. Plaintiff has prior relevant work experience as a salesperson of books, personal attendant, hair stylist, and receptionist. Tr. 64.

Plaintiff alleges disability since July 1, 2008, due to anxiety, depression, sleep apnea, personality disorder, myocardial infarction, bipolar disorder, high blood pressure, and

---

[1] Citations to the official transcript of record filed by the Commissioner on October 8, 2014, are referred to as "Tr."

3 - OPINION AND ORDER

diabetes.  Tr. 185, 191.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 15-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that

a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011). *See also*

5 - OPINION AND ORDER

*Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser,* 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity.  The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser,* 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser,* 648 F.3d at 724-25. Here the burden shifts to the

7 - OPINION AND ORDER

Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since July 1, 2008, his alleged onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of methamphetamine addiction and "affective disorder (bipolar disorder NOS versus major depression)." Tr. 15-16.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 17-18. In his assessment of Plaintiff's RFC the ALJ found Plaintiff has the functional capacity to perform a full range of work at all exertional levels. The ALJ, however, found Plaintiff is restricted to semi-skilled tasks that involve a structured work setting in which he is required to have no more than superficial contact with the public, no close contact with

anyone he does not know well, and no teamwork or collaboration with coworkers. Tr. 18-21.

At Step Four the ALJ found Plaintiff is unable to perform his past relevant work as a book salesperson, personal attendant, hair stylist, or receptionist. Tr. 21.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as a commercial or institutional cleaner, industrial "sweeper/cleaner," and packager. Tr. 21-22. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly evaluated the materiality of Plaintiff's substance abuse; (2) failed to cite legally sufficient reasons for rejecting Plaintiff's testimony; (3) improperly omitted sleep apnea from the list of severe impairments at Step Two and in his assessment of Plaintiff's RFC; (4) cited legally insufficient reasons to reject the opinion of Judy Josephson, Family Nurse Practitioner (FNP); and (5) cited legally insufficient reasons to discredit the testimony of Patti N. Curry, Plaintiff's sister. Plaintiff also contends the Commissioner erred when she failed to properly consider the opinion of Plaintiff's alcohol-and-drug counselor,

Karen L. San Giovanni, even though Counselor Giovanni's opinion was only presented to the Appeals Council after the hearing before the ALJ.  As a result of these errors, Plaintiff contends the ALJ erred in his assessment of Plaintiff's RFC, and, therefore, the Commissioner failed to carry her burden to prove at Step Five that Plaintiff retains the ability to perform other work in the national economy.

**I.   Drug and Alcohol Analysis**

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Monan v. Astrue*, 377 F. App'x 629, 630 (9th Cir. 2010).  Substance abuse is a material factor when the claimant's limitations would not be disabling if the claimant stopped using drugs or alcohol.  20 C.F.R. §§ 404.1535(b).  Thus, if the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. §§ 404.1535(a), 416.935(a).

To assess the materiality of drug or alcohol abuse of a claimant,

> an ALJ must first conduct the five-step inquiry without distinguishing the separate impact of alcoholism or drug addiction.  If the ALJ finds the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits.  If the ALJ finds the claimant is disabled and there is medical evidence of

>       [his or her] drug addiction or alcoholism, the ALJ
>       should proceed under § 404.1535 or § 416.935 to
>       determine whether the claimant would be disabled if [he
>       or she] stopped using alcohol or drugs.

*Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (internal quotation omitted). *See also Parra*, 481 F.3d at 746-47. In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling." 20 C.F.R. §§ 404.1535(b)(2). *See also Parra*, 484 F.3d at 474. In other words, if the ALJ finds a claimant is disabled, the ALJ must perform the sequential five-step inquiry a second time to determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). In such determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001). *See also Missell v. Colvin*, No. 13-CV-8226-PCT-JAT, 2014 WL 2048082, at *8 (D. Ariz. May 19, 2014).

The ALJ may not find a claimant is not disabled by reason of his substance abuse without conducting the second five-step sequential analysis set out in 20 C.F.R. §§ 404.1535(a) and

11 - OPINION AND ORDER

416.935(a).  *See Bustamante*, 262 F.3d at 955.  *See also Esslinger v. Astrue*, 479 F. App'x 59, 60 (9th Cir. 2012).  Accordingly, although the ALJ may make reference to a claimant's substance abuse as relevant to corollary matters (*e.g.*, evidence inconsistent with a claimant's testimony) without conducting the drug-and-alcohol analysis, the ALJ may not find a claimant is not disabled or discredit testimonial or medical evidence merely because the claimant is more functional in the absence of substance abuse.  *See Esslinger*, 479 F. App'x at 60.

     Here the ALJ discredited Plaintiff's testimony, the opinion of FNP Judy Josephson, and the testimony of Patti Curry on the basis that Plaintiff is more functional than that evidence indicated when he is compliant with his medication regimen and abstinent from methamphetamine and marijuana abuse.  Defendant agrees the ALJ's rejection of the noted testimony on the basis of Plaintiff's improved functioning was improper, but Defendant contends the ALJ's analysis was proper because it included Plaintiff's noncompliance in taking medication.  The ALJ's rationale, however, did not distinguish between Plaintiff's noncompliance in taking his medication and his substance abuse and treated those two issues as though they went hand-in-hand.  The ALJ, therefore, impermissibly considered the effect of Plaintiff's substance abuse without conducting the separate five-step sequential analysis specifically addressing Plaintiff's drug

and alcohol abuse as required by 20 C.F.R. §§ 404.1535(a) and 416.935(a).

The Court finds this error is not harmless because Plaintiff's substance abuse and noncompliance with taking his medication were central to the ALJ's reasoning in his decision to discredit the testimony of Plaintiff, FNP Josephson, and Patti Curry.  Moreover, the effect of Plaintiff's substance abuse on his functional capacity was an important aspect of the opinion of Counselor San Giovanni that was first submitted to the Appeals Council.[2]

Thus, the Court cannot conclude the ALJ's consideration of Plaintiff's substance abuse absent completion of the separate drug-and-alcohol analysis was "'inconsequential to the ultimate nondisability determination.'"  See *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)("An error is harmless if it is 'inconsequential to the ultimate nondisability determination,' or 'if the agency's path may reasonably be discerned,' even if the agency 'explains its decision with less than ideal clarity.'")(quoting *Alaska Dep't of Envtl. Conservation v. Envtl. Prot. Agency*, 540 U.S. 461, 497 (2004),

---

[2] The Court must evaluate all of the evidence in the record, including new evidence submitted to and considered by the Appeals Council after the ALJ has issued his opinion.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012)(citing *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993)).

13 - OPINION AND ORDER

and *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Accordingly, on this record the Court concludes the ALJ erred when he failed to conduct the separate drug-and-alcohol analysis and yet, nevertheless, concluded Plaintiff was more functional and, therefore, not disabled when abstinent from substance abuse.

For this same reason the Court concludes the ALJ erred when he discounted the testimony of Plaintiff, FNP Josephson, and Patti Curry.[3] In addition, the ALJ's error with respect to Plaintiff's substance abuse necessitates reconsideration of Counselor San Giovanni's opinion as well because Counselor San Giovanni specifically addressed the fluctuations in Plaintiff's functionality based on his sobriety.

## II. Step Two - Sleep Apnea

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). A severe impairment "significantly limits" a claimant's "physical or mental ability

---

[3] Although the ALJ cited additional reasons to discount the testimony of Plaintiff and FNP Josephson, the Court concludes those reasons are not by themselves legally sufficient reasons to reject the testimony of Plaintiff and FNP Josephson.

to do basic work activities." 20 C.F.R. §§ 416.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

> The Step Two threshold is low:
>
>> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.
>
> Social Security Ruling 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted). For an impairment to be considered severe at Step Two, the evidence must include "signs - the results of 'medically acceptable clinical diagnostic techniques,' such as tests - as well as symptoms, *i.e.*, [the claimant's] representations regarding [her] impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant if the ALJ properly considers the omitted condition later in the sequential

15 - OPINION AND ORDER

analysis. *Burch v. Barnhart*, 400 F.3d 676, 682-84 (9th Cir. 2005)(any error in failing to identify an impairment as severe at Step Two is harmless when Step Two is resolved in claimant's favor and the ALJ considers the condition in formulating his assessment of the claimant's RFC).

As noted, Plaintiff contends the ALJ erred at Step Two when he failed to include sleep apnea as a severe impairment. The only detailed note in the record regarding Plaintiff's sleep apnea is an April 27, 2010, chart note from Cynthia D. Rodriguez, FNP, detailing an initial consultation regarding sleep apnea. Tr. 335-36. In that chart note, FNP Rodriguez found Plaintiff's "symptoms and clinical history are consistent with a diagnosis of obstructive sleep apnea" and referred Plaintiff for a "free overnight oximetry test so that we can made [*sic*] a diagnosis of obstructive apnea." Tr. 336. There is no medical evidence in the record that suggests the oximetry test ever took place or that Plaintiff was ever formally diagnosed with sleep apnea.

The ALJ declined to identify sleep apnea as a severe impairment at Step Two because there was "no documentation of any resulting functional limitations that would significantly affect the claimant's ability to perform basic work activities." Tr. 16. Because the record does not include any evidence that indicates Plaintiff underwent any testing for sleep apnea that would reveal the signs of that condition, that Plaintiff was ever

formally diagnosed with sleep apnea, or that Plaintiff had any functional limitations resulting from sleep apnea, the Court concludes the ALJ's decision to exclude sleep apnea as a severe impairment at Step Two is supported by the record.

Accordingly, on this record the Court concludes the ALJ did not err by excluding sleep apnea as a severe impairment at Step Two.

**III. Remand**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine whether a claimant is disabled under the Act. *Id*. at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are not any

17 - OPINION AND ORDER

>    outstanding issues that must be resolved before a
>    determination of disability can be made, and (3) it is clear
>    from the record that the ALJ would be required to find the
>    claimant disabled if such evidence were credited.

*Id.* The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

When the reviewing court finds the elements of the "credit-as-true" rule have been satisfied, however, the court may only remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

As noted, the ALJ failed to follow the appropriate procedure for consideration of how Plaintiff's substance abuse affects the disability determination.  The ALJ, therefore, must resolve the outstanding issue concerning the effect of Plaintiff's substance abuse using the procedures set out in 20 C.F.R. §§ 404.1535(a) and 416.935(a).  As part of that analysis, the ALJ must reconsider the testimony of Plaintiff, FNP Josephson, Counselor San Giovanni, and Patti Curry.

Accordingly, on this record the Court concludes this case must be remanded to the Commissioner for further proceedings consistent with this Opinion and Order.

18 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **REVERSES** the final decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 11th day of May, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge